OPINION
{¶ 1} Plaintiff-appellant Michael E. Harris appeals from a modification of child support for his minor child, Alyssa Harris. Harris contends that the trial court erred by failing to impute income to the child's mother, Amy Redmond, upon the stated ground that Harris's child support obligation actually would have increased had daycare expenses likewise been included in the computation of child support. Because there was no testimony at the hearing on the motion to modify child support to establish either that daycare expenses would have been necessary had Redmond been working, or the amount of daycare expenses that would be necessary if Redmond were working, the trial court erred in failing to impute income to Redmond upon the ground that Harris's child support obligation would have increased had daycare expenses been included in the computation of child support.
 {¶ 2} Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 3} Michael Harris and Amy Redmond are the natural parents of their minor child, Alyssa Harris. In February, 2001, Harris was ordered to pay child support in the amount of $740 per month. In August, 2003, Harris filed a motion to modify child support, and a hearing was held. At the hearing, Redmond testified that she had been employed at General Motors for six years until she left on maternity leave in November, 2002. Redmond testified that she elected not to return General Motors when her maternity leave ended in February, 2003. She testified that she was twenty-five years old and in good physical and mental health. Redmond testified that she decided not to return to work in order to stay at home with her children. After the hearing, a magistrate granted Harris's motion to modify child support, ordering Harris to pay child support in the amount of $570.54 per month, and finding as follows:
 {¶ 4} "Child support is modified. Income is not imputed to the Obligee. Imputation of income would result in higher child support due to daycare, which is not included in the computation used in this decision, as the motion [sic] testified she left work to become a stay at home mom."
 {¶ 5} The magistrate ordered that Harris provide health insurance for Alyssa and that Harris be responsible for the first $100 incurrence of uninsured medical, dental, and optical expenses for Alyssa. The magistrate also ordered that the "[c]osts of the remaining medical, dental, optical and all psychological expenses, shall be shared by Obligor and Obligee in amounts equal to their percentage of total income found on Line 16 of the Child Support Computation Worksheet." Redmond's percentage of total income was 0%; Harris's percentage was 100%.
 {¶ 6} Harris filed objections to the magistrate's decision. The trial court overruled Harris's objections, concluding that the magistrate had not erred in failing to impute income to Redmond, because Harris's child support obligation would actually have increased had daycare expenses also been included in the computation of child support. The trial court also found that "since the father is the parent that is currently employed and providing health care coverage for the child, the Court finds that it is not inequitable that he should bear the cost of any uncovered medical expenses." From the judgment of the trial court, Harris appeals.
 II {¶ 7} Harris's first, second, and third assignments of error are as follows:
 {¶ 8} "The trial court clearly erred when it refused to Impute income to mother [sic] after she voluntarily left her Employment[.]
 {¶ 9} "The trial court clearly erred when it concluded that if imputed income was attributed to mother [sic], than day care expenses would also need to be imputed[.]
 {¶ 10} "The trial court clearly erred when it attributed 100% of uncovered medical expenses to appellant[.]"
 {¶ 11} Harris contends that the trial court erred, in its modification of child support and order that Harris be 100% responsible for the remaining medical, dental, optical and all psychological expenses of the minor child, by failing to impute income to Redmond upon the stated ground that Harris's child support obligation actually would have increased had the daycare expenses that would have been necessary if Redmond had been working had also been included in the computation of child support. We agree.
 {¶ 12} No testimony was offered at the hearing to establish either that daycare expenses would have been necessary had Redmond been working or the amount of those daycare expenses. Therefore, the reasoning that the trial court used in determining not to impute income to Redmond is erroneous because it depends upon factual findings that are not supported by evidence in the record. The trial court's decision, upon this erroneous ground, not to impute income to Redmond affected both its computation of child support and its order that Harris be 100% responsible for the remaining medical, dental, optical and all psychological expenses of the minor child. Accordingly, we remand this cause for further proceedings on Harris's Motion to Modify Child Support, including reconsideration whether income should be imputed to Redmond.
 {¶ 13} Harris's first, second, and third assignments of error are sustained.
 III {¶ 14} Harris's first, second, and third assignments of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Young, JJ., concur.